## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| DELISA M. HARRIS, | |
|      Plaintiff, | |
| v. | Case No. 4:21-cv-01377 |
| MEI AUTO FINANCE, INC., | |
|      Defendant. | |

### COMPLAINT

**NOW COMES** Plaintiff, DELISA M. HARRIS, by and through her undersigned counsel, complaining of Defendant, MEI AUTO FINANCE, INC., as follows:

### NATURE OF ACTION

1.      This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*, invasion of privacy, trespass to chattels, and intentional infliction of emotional distress.

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).


## PARTIES

6.      DELISA M. HARRIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Euless, Texas.

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "person" as defined by Tex. Fin. Code Ann. §392.001(1).

9.      MEI AUTO FINANCE, INC. ("Defendant") is a prominent provider of auto financing in the state of Texas.

10.     Defendant maintains its principal place of business at 1611 Corporate Drive West, Arlington, Texas 76006.

11.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5059.

14.     At all times relevant, Plaintiff's number ending in 5059 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

2

16.     At some point, Plaintiff took out a vehicle loan with Defendant for her vehicle ("Vehicle").

17.     In assuming the vehicle loan, Plaintiff entered into a Contract ("Contract") with Defendant to finance the Vehicle, which required Plaintiff to make monthly payments.

18.     Due to unforeseen financial difficulty caused by COVID, Plaintiff sometimes fell behind by approximately $200 on the payment required by the Contract; however, Plaintiff always catches up on her payments within two weeks of their due date.

19.     After Plaintiff's first late payment, Defendant started placing collection calls to Plaintiff in an attempt to collect the past-due amount ("subject debt").

20.     Defendant would continue placing collection calls to Plaintiff until she became current on her loan, at which time the collection calls would stop.

21.     However, once Plaintiff's account again became past-due, she would start receiving collection calls from Defendant again.

22.     On December 17, 2021, Plaintiff spoke with Defendant and advised that she was making payments as she was able and that she was attempting to catch up on her bills.

23.     She also requested that Defendant cease calling her cellular phone.

24.     Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff, including, but not limited to, calls from the phone numbers (682) 305-1964, (817) 918-9677, and (682) 360-0450.

25.     In the course of the three days after Plaintiff requested that the phone calls cease to her cellular phone, she received 52 phone calls from Defendant.

26.     Only once Plaintiff made it so that the phone calls from Defendant did not go to her voicemail, causing the line to continuously ring, did the phone calls stop.

27.     On some occasions, Defendant was calling Plaintiff on her work phone number as well.

28.     Plaintiff asked Defendant to stop calling her work phone number because they were becoming abusive in nature.

29.     In total, Defendant placed no less than 52 harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

30.     Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

31.     Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

35.     Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

36.     Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

37.     As pled above, Defendant made phone calls to Plaintiff with such frequency as can be indicative of Defendant using an ATDS.

38.     Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 52 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

39.     As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call on December 17, 2021.

40.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

41.     Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

5

42.    Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

43.    Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

44.    As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

45.    As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, DELISSA M. HARRIS, requests that this Honorable Court request the following relief:

A.    a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.    an award of statutory damages of at least $500.00 for each and every violation;

C.    an award of treble damages of up to $1,500.00 for each and every violation; and

D.    an award of such other relief as this Court deems just and proper.

## COUNT II
### Invasion of Privacy by Intrusion Upon Seclusion

46.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

47.    Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically or otherwise, upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

6

48.    Defendant's intrusive collection calls to Plaintiff after Plaintiff requested that the calls cease were an intentional intrusion upon the Plaintiff's seclusion or solitude.

49.    The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

50.    A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, Plaintiff, DELISA M. HARRIS, requests that this Honorable Court grant the following relief:

A.   A finding that Defendant invaded Plaintiff's privacy by intrusion upon seclusion;

B.   Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

C.   An award of actual damages; and

D.   An award of punitive damages.

## COUNT III

### Trespass to Chattels

51.    Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

52.    Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

53.    Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring after Plaintiff requested that the calls cease, thus temporarily impairing the phone's physical condition.

54.      Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

55.      As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, DELISA M. HARRIS, requests that this Honorable Court grant the following relief:

A.   A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

B.   Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

C.   An award of actual damages; and

D.   An award of punitive damages.

## COUNT IV
### Intentional Infliction of Emotional Distress

56.      Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

57.      Generally, liability for the tort of intentional infliction of emotional distress may be found only where 'the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

58.       Defendant's comprehensive conduct in (1) the relentless unending collection calls and (2) ignoring Plaintiff's plea to stop the calls goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

59.      As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, DELISA M. HARRIS, requests that this Court grant the following relief:

A.   A finding that Defendant's conduct was intentional and caused Plaintiff emotional distress;

B.   Entry of judgment in Plaintiff's favor and against Defendant for intentional infliction of emotional distress;

C.   An award of actual damages; and

D.   An award of punitive damages.

### COUNT V
**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)**

60.      Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann § 392.302**

61.      Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4)      causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

62.      As pled above, Plaintiff advised Defendant that she no longer wished to receive collection calls from Defendant on her cellular phone.

63.      Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with her.

64. Defendant's continuous phone calls were made with intent to annoy and harass Plaintiff.

65. Additionally, Defendant violated Tex. Fin. Code Ann. §392.302(4) by placing phone calls to Plaintiff's place of employment on numerous occasions.

66. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) through Tex. Fin. Code Ann. § 392.403, which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff, DELISA M. HARRIS, requests that this Honorable Court grant the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as is deemed just and proper.

Date: December 27, 2021                    Respectfully submitted,

                                           **DELISA M. HARRIS**

                                           By: */s/ Jennifer Ann McLaughlin, Esq.*

                                           Jennifer Ann McLaughlin, Esq.
                                           Mohammed O. Badwan, Esq.
                                           Victor T. Metroff, Esq.
                                           Marwan R. Daher, Esq.
                                           *Counsel for Plaintiff*
                                           Sulaiman Law Group, Ltd
                                           2500 S Highland Ave, Suite 200
                                           Lombard, IL 60148
                                           Telephone: (630) 575-8180
                                           mbadwan@sulaimanlaw.com
                                           vmetroff@sulaimanlaw.com
                                           jmclaughlin@sulaimanlaw.com
                                           mdaher@sulaimanlaw.com